UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 21-3047 (TJK) |
| NATIONAL GUARD BUREAU, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## ANSWER

Defendants National Guard Bureau, U.S. Department of Defense, U.S. Coast Guard, and U.S. Department of Homeland Security, by and through undersigned counsel, respectfully submit this Answer to the Complaint filed by Plaintiff American Oversight on November 17, 2021. ECF No. 1. All allegations not specifically admitted are denied.

1. The allegations in Paragraph 1 constitute Plaintiff's characterization of its Complaint and this lawsuit, to which no response is required.

2. The allegations in Paragraph 2 constitute conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed to be required, Defendant admits only that this Court has jurisdiction subject to the terms and limitations of the FOIA. Defendants further aver that the statutes cited speak for themselves.

3. The allegations in Paragraph 3 constitute conclusions of law regarding venue, to which no response is required. To the extent a response is deemed to be required, Defendant admits that venue is proper in this judicial district.

4. The allegations in Paragraph 4 constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in this paragraph.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. With respect to the allegations in Paragraph 6, Defendants admit that the U.S. Department of Defense ("DOD") is a department of the executive branch of the U.S. government headquartered in Arlington, Virginia, and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

7. With respect to the allegations in Paragraph 7, Defendants admit that the National Guard Bureau ("NGB") is a component of DOD, which is a department of the executive branch of the U.S. government and is headquartered in Arlington, Virginia. Defendants admit that DOD is an agency within the meaning of 5 U.S.C. § 552(f)(1). The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.

8. With respect to the allegations in Paragraph 8, Defendants admit that the U.S. Department of Homeland Security ("DHS") is a department of the executive branch of the U.S. government headquartered in Washington, D.C. Defendants admit that DHS is an agency within the meaning of 5 U.S.C. § 552(f)(1).

9. With respect to the allegations in Paragraph 9, Defendants admit that the U.S. Coast Guard ("USCG") is a component of DHS, which is a department of the executive branch of the U.S. government and is headquartered in Washington, D.C. Defendants admit DHS is an agency within the meaning of 5 U.S.C. § 552(f)(1).

10. With respect to the allegations in Paragraph 10, Defendants admit that on May 10, 2021, Plaintiff submitted a request under the Freedom of Information Act ("FOIA") to NGB. The remaining allegations in Paragraph 10 purport to quote from Plaintiff's FOIA request, which speaks for itself. Defendants respectfully refer the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

11. Defendants admit the allegations in Paragraph 11.

12. With respect to the allegations in Paragraph 12, Defendants admit that, as of the date of the filing of the Complaint, DOD had not sent Plaintiff any further communications regarding Plaintiff's May 10, 2021, FOIA request.

13. With respect to the allegations in Paragraph 13, Defendants admit that on July 12, 2021, Plaintiff submitted a FOIA request to USCG. The remaining allegations in Paragraph 13 purport to quote from Plaintiff's FOIA request, which speaks for itself. Defendants respectfully refer the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

14. Defendants admit the allegations in Paragraph 14.

15. With respect to the allegations in Paragraph 15, Defendants admit that, as of the date of the filing of the Complaint, USCG had not sent Plaintiff any further communications regarding Plaintiff's July 12, 2021, FOIA request.

16. With respect to the allegations in Paragraph 16, Defendants admit, as of the date of the filing of the Complaint, their responses to Plaintiff's requests were ongoing and that they had not made final determinations regarding any records to be produced in response to the requests.

17. The allegations in Paragraph 17 constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in this paragraph.

18. Defendants incorporate by reference its responses to the paragraphs above.

19. The allegations in Paragraph 19 constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in this paragraph.

20. With respect to the allegations in Paragraph 20, Defendants admit that they are agencies subject to FOIA. The remaining allegations in Paragraph 20 constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny those allegations.

21. The allegations in Paragraph 21 constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in this paragraph.

22. The allegations in Paragraph 22 constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in this paragraph.

23. The allegations in Paragraph 23 constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in this paragraph.

24. Defendants incorporate by reference its responses to the paragraphs above.

25. The allegations in Paragraph 25 constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations in this paragraph.

26. With respect to the allegations in Paragraph 26, Defendants admit that they are agencies subject to FOIA. The remaining allegations in Paragraph 26 constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny those allegations.

27. With respect to the allegations in Paragraph 27, Defendants admit that they are agencies subject to FOIA. The remaining allegations in Paragraph 27 constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny those allegations.

28. With respect to the allegations in Paragraph 28, Defendants admit that they are agencies subject to FOIA. The remaining allegations in Paragraph 28 constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny those allegations.

29. With respect to the allegations in Paragraph 29, Defendants admit that they are agencies subject to FOIA. The remaining allegations in Paragraph 29 constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny those allegations.

30. With respect to the allegations in Paragraph 30, Defendants admit that they are agencies subject to FOIA. The remaining allegations in Paragraph 30 constitute legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny those allegations.

**REQUEST FOR RELIEF**

The remaining paragraphs of the Complaint constitute Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever. Defendants hereby deny each and every allegation in the Complaint not expressly admitted or qualified above.

**DEFENSES**

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of the litigation.

1. The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent it exceeds the relief authorized under FOIA.

2. Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

3. Plaintiff is not entitled to compel production of records exempt from disclosure under FOIA.

4. Defendants exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendants to continue its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

5. Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

Dated: January 28, 2022                    Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: __/s/ *Paul Cirino*__
PAUL CIRINO, D.C. Bar #1684555
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2529
Facsimile: (202) 252-2599
paul.cirino@usdoj.gov

*Attorneys for Defendants*